1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| SHIRLEY O DANIELS, | NO. 3:10-cv-05316RBL |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL, FOR APPOINTMENT OF COUNSEL, AND FOR EXTENSION OF TIME |
| v. | |
| JOHN S DAVIS, et al. | |
| Defendants. | |

THIS MATTER is before the Court on the Plaintiff's Motions for Recusal [Dkt. #33], for Appointment of Counsel [Dkt. #34], and for an additional Extension of Time [Dkt. #35] to respond to the Defendants' Motion for Summary Judgment [Dkt. #19; now noted for October 15, 2010].

Plaintiff Daniels seeks recusal based on five "procedural due process violations." She asks that the case be re-referred to Magistrate Judge Strombom. Four of the procedural due process violations alleged relate to the Clerk's standard re-assignment of this case to the District Court, in the absence of consent by all parties to the initial assignment to Magistrate Judge Strombom. *See* Dkt. # 16. These allegations do not relate to bias or any conflict of interest, and are frivolous on their face. Plaintiff's failure to consent and alleged failure to receive written notice of the re-assignment to the district Court do not change the fact that the remaining parties

did not consent, and absent that consent, the Magistrate Judge is without jurisdiction to hear the matter. The fifth claim for recusal is based on the Plaintiff's erroneous claim that her request for an extension of time to respond to the pending Motion for Summary Judgment was ignored. In fact, that request was granted in part, and the date for her response was moved from August 2 to October 8. [Dkt. #32]. The Motion for Recusal [Dkt. #33] is DENIED.

Plaintiff asks the court to assign counsel to represent her. Plaintiff cites no authority for her request. It is based factually on her claim that the Defendant is "interfering with her." The alleged interference has taken the following forms: computer hacking, disabling her computers and typewriters, and preventing her from researching her response [presumably to the pending Motion for Summary Judgment], at her home, at the Washington Supreme Court, and at the library in Wilmington, Delaware. [Dkt. # 34].

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the Court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff has not alleged that she cannot afford counsel, has not demonstrated any likelihood of success on the merits, and has not shown that she cannot articulate her claims herself. The Motion for the Appointment of Counsel [Dkt. #34] is therefore DENIED.

Finally, Plaintiff seeks an additional extension of time to respond to the pending Motion for Summary Judgment. The factual basis for this request is, again, her naked claim that someone is obstructing justice by hacking her computer, preventing her from getting online, destroying her typewriters, hacking her at libraries, intimidating and harassing her, and stealing documents from her. [Dkt. #35]. These allegations are farfetched and unsupported. The Court has already provided the Plaintiff with more than two additional months to respond to the Motion. The rash of

1 motions Plaintiff has recently filed demonstrate that she does in fact have access to a computer or a typewriter, and she has the time and ability to file documents in this court.  The request for an additional extension of time [Dkt. #35] is DENIED.

IT IS SO ORDERED.

DATED this 30TH day of September, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE