HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHIRLEY O. DANIELS,<br><br>              Plaintiff,<br><br>     v.<br><br>JOHN S. DAVIS, et al.,<br><br>              Defendants. | No. 10-05316 RBL<br><br>ORDER GRANTING DEFENDANTS'<br>MOTIONS FOR SUMMARY<br>JUDGMENT<br>[Dkts. #8, 19] |

## I.  INTRODUCTION

This matter is before the Court on Defendants', John Davis, Stephen Carpenter, Robert Krabill, John Kuntz, Aileen Miller, Jeff Oehlerich, David Molinaro, and Terry Grubb, Motion for Summary Judgment.[1]  [Dkts. #8, 19].  Defendants ask the Court to dismiss Plaintiff Shirley O. Daniels' claims against them on the basis of (1) res judicata or collateral estoppel because Plaintiff previously filed a lawsuit involving the same claims and defendants, and (2) expert witness immunity.  *Id.*

## II.  BACKGROUND

Dr. Daniels filed this action on May 26, 2010 for "antitrust, malicious prosecution, violation of due process rights, reputational loss of liberty, racketeering, [and] slander."  *Id.*  Dr. Daniels' complaint arises out of the revocation of her license to practice dentistry by the Dental Quality Assurance Commission (DQAC) and the loss of her contract with the Washington State

---

[1] Defendant Grubbs filed a separate motion for summary judgment.  This order addresses both motions.

ORDER - 1

Department of Social and Health Services (DSHS) to provide dental services to DSHS Medicaid clients. *See id.*

Dr. Daniels had a contract with DSHS to provide dental services to eligible Medicaid patients. [Dkt. #10, p. 7, ¶4.1]. In 2005, DSHS conducted an audit of Dr. Daniels' practice; the audit was led by Defendant Dr. John Davis. *Id.* at ¶4.2. After an administrative review of the audit presided by Defendant Robert Krabill, DSHS found that Dr. Daniels had been overpaid. Dr. Daniels, therefore, lost her contract with DSHS. *Id.* at 28, ¶6.2.

Dr. Daniels lost her license to practice dentistry after the DQAC investigated multiple charges against her. In 2006, after an administrative hearing presided by Defendant John Kuntz, the DQAC found that Dr. Daniels had engaged in unprofessional conduct and had violated the standard of care regarding faulty surgical extractions.[2] [Dkt. #11-4]. Thus, the DQAC prohibited Dr. Daniels from performing any surgical extraction procedures until she completed further education. *Id.* In 2007, after a second administrative hearing on new charges, the DQAC found that Dr. Daniels failed to meet the standard of practice and care regarding faulty restoration procedures.[3] [Dkt. #11-7]. The DQAC, represented by Defendant Stephen Carpenter, revoked Dr. Daniels' license with no right to reapply for 10 years. *Id.*

After these administrative hearings, the Medicaid Fraud Control Unit (MFCU), led by Defendant Jeff Oehlerich, conducted a search of Dr. Daniels' patient records and computer hardware and software. [Dkt. #12, p. 2, ¶5]. Represented by Defendant Aileen Miller, MFCU charged Dr. Daniels with billing services performed by unlicensed staff and with overcharging Medicaid for services that were not performed. *Id.* at 6. These criminal charges were subsequently dismissed. *Id.* at 10.

---

[2] Plaintiff mistakenly extracted the wrong tooth and modified the consent form to indicate that the patient had consented to the extraction of that tooth, failed to determine whether irreversible pulpitis existed in a patient's tooth, and failed to completely extract a tooth and then failed to take measures to get the rest of the tooth removed. [Dkt. #11-3].

[3] Plaintiff billed DSHS for restorations which she did not perform, and two of the restorations she did fell out of the patient's mouth. Also, Plaintiff failed to adequately train and supervise dental assistants, and failed to properly place a crown. [Dkt. #11-5].

Following these disciplinary proceedings, Dr. Daniels filed a lawsuit in this Court in 2008 against six of the currently named defendants. [Cause #C08-5396FDB, Dkt. #13]; *see also* [Dkt. #9, p. 5]. The Court granted the defendants' motion for summary judgment based on judicial and prosecutorial immunity, and dismissed Dr. Daniels' claims against them with prejudice. *Id.* at 23. Dr. Daniels filed this lawsuit on May 3, 2010, adding four defendants: Kim O'Niel (prosecutor involved in the suspension of Plaintiff's license), David Molinaro (auditor involved in the DSHS audit of Plaintiff's practice), Terry Grubb (expert witness in both DQAC hearings), and Carl Whinnery (Plaintiff's neighbor who allegedly allowed DQAC and MFCU agents to use his home to spy on Plaintiff).[4] [Dkts. #1, 3].

Defendants Davis, Carpenter, Krabill, Kuntz, Miller, Molinaro, and Oehlerich argue that Plaintiff's claims against them should be dismissed because they are barred by res judicata or collateral estoppel. [Dkt. #8]. Furthermore, Mr. Oehlerich argues that claims against him should be dismissed because (1) the three year statute of limitations for Plaintiff's 42 U.S.C. § 1983 claim against him has expired, and (2) the search and seizure was supported by probable cause. *Id.* Mr. Grubb argues that claims against him should be dismissed because he has immunity as an agent of a professional review committee, for communications to government agency or self-regulatory organization, or as an expert witness. [Dkt. #19].

### III. DISCUSSION

**A. Summary Judgment Standard of Review**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). There is no genuine issue as to any material fact if there is not sufficient evidence to support a jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 257.

---

[4] Kim O'Neil and Carl Whinnery are not parties to these motions for summary judgment.

In addition to demonstrating that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim for which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

**B. Res Judicata**

Defendants argue that res judicata bars Dr. Daniels' claim against Defendants Davis, Carpenter, Krabill, Kuntz, Miller, and Oehlerich because Dr. Daniels named them in her previous lawsuit which was dismissed on summary judgment. [Dkt. #8]. Dr. Daniels argues that res judicata does not bar claims against these defendants because her claims include matters involving due process and there were issues of fact which were not adjudicated in the previous lawsuit. [Dkt. #42]. Dr. Daniels' argument is not valid, however, because issues of fact are not adjudicated in motions for summary judgment. *See* FED. R. CIV. P. 56.

Res judicata bars claims when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties." *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 900 (9th Cir. 2002). Res judicata also bars relitigation of all grounds of recovery that could have been asserted. *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 (9th Cir. 1998). To determine whether the earlier suit involved the same claim as the later suit requires the analysis of "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).

Dr. Daniels' lawsuits relate to the same set of facts. Both lawsuits arise out of the defendants' involvement with the license revocation proceedings, DSHS audit, and criminal prosecution. *Compare* [Dkt. #3] and [Dkt. #9, p. 5]. The rights established in the previous judgment would be destroyed by pursuing the second action because this Court has previously

held that the defendants are entitled to immunity from these claims. [Dkt. #9, p. 28]. The same evidence is presented in both suits because both suits arise from the same conduct by the defendants. Lastly, both lawsuits involve obstruction of justice and the infringement of due process. Thus, the earlier suit involved the same claim or cause of action as the later suit.

The previous lawsuit concluded when the Court granted the defendants' motion for summary judgment, holding that the defendants were entitled to immunity. [Dkt. #9, p. 28]. This decision was a final judgment on the merits. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

The two lawsuits involve identical parties. The current lawsuit names all six of the defendants from the previous lawsuit. [Dkts. # 3, 9]. Thus, claims against Defendants Davis, Carpenter, Krabill, Kuntz, and Miller are barred by res judicata. The Court previously held that these defendants were entitled to immunity, and nothing has changed to strip these defendants of the immunity. The motion for summary judgment as to these defendants is granted, and Dr. Daniel's claims against them are dismissed with prejudice.

Although Mr. Oehlerich was a defendant in the previous lawsuit, the Court did not determine that he was entitled to immunity. Instead, he was dismissed because the complaint failed to make any allegations against him. [Dkt. #9, p. 28]. Dr. Daniels does make allegations against Mr. Oehlerich in the current lawsuit, relating to his participation in the search and seizure of Dr. Daniels' records in connection with the MFCU charges. [Dkt. #3, p. 3]. These allegations could have been brought in the previous lawsuit because the incidents giving rise to these allegations had occurred before Dr. Daniels filed the first lawsuit. *See id.* Thus, because Mr. Oehlerich was a party to the previous lawsuit, the judge reached a judgment on the merits in that lawsuit, and Dr. Daniels could have asserted a claim against Mr. Oehlerich, res judicata bars Dr. Daniels' current claims against Mr. Oehlerich.[5] The motion for summary judgment as to Mr. Oehlerich is therefore granted, and Dr. Daniels' claims against him are dismissed with prejudice.

---

[5] In addition to being barred by res judicata, Dr. Daniels' claims against Mr. Oehlerich are also barred by the statute of limitations. Her 24 U.S.C. § 1983 claims against Mr. Oehlerich are governed by a three year statute of limitations. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). The search and seizure occurred on July 11, 2006, which is more than three years before Dr. Daniels filed this claim on May 3, 2010. [Dkts. #3, 14-2, p. 6].

ORDER - 5

**D. Collateral Estoppel**

Mr. Molinaro was added to the second lawsuit. Dr. Daniels alleges that he acted incompetently and falsely in conducting the audit of her practice and violated her Fourth Amendment rights. [Dkt. #3, p. 4]. Mr. Molinaro argues that these claims are barred by collateral estoppel because Dr. Daniels sought an administrative review of the audit. "She already had the opportunity to attack the validity of the audit in the prior administrative hearing and lost." [Dkt. #8, p. 3, lines 2–3]. Dr. Daniels argues that she did not receive a full and fair opportunity to litigate because the administrative hearing involved "several varied Constitutional Violations that represent **genuine issues**." [Dkt. #42, p. 1] (emphasis in original).

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). To determine whether to an issue in a successive proceeding is identical to an issue previously litigated, the Court considers four factors: (1) whether there is a substantial overlap between the evidence or argument between the two proceedings; (2) whether the new evidence or argument involves the application of the same rule of law as applied in the prior proceeding; (3) whether discovery in the first action could be related to the matter sought to be presented in the second; and (4) whether the claims in both proceedings are closely related. *Kamilche Co. v. U.S.*, 53 F.3d 1059, 1062 (9th Cir. 1995).

The administrative review order filed regarding the DSHS audit shows that Dr. Daniels pursued similar arguments against Mr. Molinaro in that proceeding. The order states, "Dr. Daniels states that Mr. Molinaro and Dr. Davis held personal grudges against her, which they allowed to cloud their judgment and influence Department actions." [Dkt. #10, p. 10, ¶4.16]. The administrative law judge (ALJ) found that Mr. Molinaro did not behave inappropriately in conducting the audit: "[H]e conducted himself professionally and dispassionately despite provocative allegations and insinuations. . . . [The Department] conducted its audit as part of a concerted, but bureaucratically segmented State government response to serious problems . . . ." *Id.*

The issues against Mr. Molinaro in the current lawsuit are the same as the issues against him the administrative hearing.  In both proceedings, Dr. Daniels argues that Mr. Molinaro, conspiring with Dr. Davis, acted inappropriately during the audit.  Determining whether Mr. Molinaro acted inappropriately would involve considering the same evidence and law as the ALJ considered in its ruling.  The claims in both proceedings against Mr. Molinaro are very closely related.

Collateral estoppel may apply to administrative hearings that have sufficient judicial safeguards.  *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988).  Sufficient judicial safeguards exist where the administrative agency acted in a judicial capacity and resolved disputed issues of fact properly before it which the parties had an adequate opportunity to litigate.  *Id.*  It is apparent from the face of the order that the ALJ acted in a judicial capacity to resolve disputed issues, considering the arguments of each party.  Thus, Dr. Daniels' claims against Mr. Molinaro are preempted by collateral estoppel.  The motion for summary judgment as to Mr. Molinaro is granted, and Dr. Daniels' claims against him are dismissed with prejudice.

**E.  Expert Witness Immunity**

Dr. Daniels alleged that Mr. Grubb, the Chairman of Plaintiff's malpractice insurance company and DQAC's expert witness, breached his confidentiality with her when he testified. [Dkt. #3, p. 5].  Mr. Grubb filed a separate motion for summary judgment on the grounds that he is immune from this lawsuit based on witness immunity.  [Dkt. #19].  Although Dr. Daniels responded to this motion, her response does not refute Mr. Grubb's immunity.  *See* [Dkt. #41]. Arguments not made in response are conceded.  *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009).  Thus, Dr. Daniels effectively concedes that Mr. Grubb is immune from her claims.

 Even if Dr. Daniels had not waived a response to Mr. Grubb's argument, Mr. Grubb is still entitled to immunity as an expert witness.  Under Washington law, witnesses are shielded from tort liability for statements or acts arising in the course of judicial proceedings.  *Bruce v. Byrne-Stevens & Assocs. Eng'rs. Inc.*, 113 Wash.2d 123, 137, 776 P.2d 666 (1989).  Because Dr. Daniels' claims against Mr. Grubb arise out of the course of statements made when he was

testifying for the DQAC in administrative proceedings, he is shielded from liability arising under those statements. Thus, Mr. Grubb has witness immunity against Dr. Daniels' claims, and his summary judgment motion must be granted.

### IV. CONCLUSION

Because Plaintiff's claims against Defendants are barred by res judicata, collateral estoppel, statute of limitations, and witness immunity, Defendants' Motions for Summary Judgment are GRANTED, and Plaintiff's claims against Defendants Davis, Carpenter, Krabill, Kuntz, Miller, Oehlerich, Molinaro, and Grubb are DISMISSED WITH PREJUDICE. Plaintiff's claims against Defendants O'Neil and Whinnery survive as they were not parties to the motions for summary judgment before this Court.

**IT IS SO ORDERED.**

Dated this 17th day of December 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE