UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHIRLEY O DANIELS,<br><br>                    Plaintiff,<br><br>       v.<br><br>JOHN S DAVIS, et al.<br><br>                    Defendants. | NO.  3:10-cv-05316RBL<br><br>ORDER GRANTING DEFENDANT WHINNERY'S MOTION FOR SUMMARY JUDGMENT<br>[Dkt. # 58] |

   THIS MATTER is before the Court on Defendant Carl Whinnery's Motion for Summary Judgment [Dkt. #58].  This case is the subject of a prior Order Granting the majority of the State Defendants' Motion for Summary Judgment [Dkt. #45].  The bulk of Plaintiff's allegations, and a recitation of the evidence considered by the court, is outlined in that Order.

   However, Plaintiff's allegations about, and claims against, Defendant Whinnery were not addressed in that Order.  Whinnery was Plaintiff's neighbor.  He is not alleged to be a state actor or employee, or to have otherwise participated in any way in the investigation of Plaintiff Daniels, or in the process which led to her losing her dental license.  Instead, Plaintiff Daniels claims that Whinnery permitted the Dental Quality Assurance Commission (DQAC) personnel to use his

property and his Recreational Vehicle as a base from which to conduct "terrorist activities," specifically to spy on her and to steal from her.   Presumably, this would have occurred prior to the search and seizure which ultimately led to this litigation, which allegedly occurred on July 11, 2006. This action was filed in May 2010.

Defendant Whinnery moves to dismiss for failure to state a claim, or alternatively, for summary judgment.  The Court will focus on the Summary Judgment aspect of the Motion. Whinnery's Motion is based on *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Under these authorities, a moving party without the ultimate burden of persuasion at trial is entitled to summary judgment when it shows that the non-moving party has not submitted evidence of an essential element of her ultimate burden of persuasion.  A defendant, can, in other words, "put the Plaintiff to her proof," and if she cannot respond, summary judgment is required.

Whinnery argues that Plaintiff Daniels cannot meet her initial burden of proof on any element of any of her claims against him.  He argues that there is literally no evidence supporting the allegations, and that any claim is barred by the applicable three year limitations period in any event.

Neither Plaintiff's Response [Dkt. #69], nor any other evidence in the record, provides the required evidentiary support for Plaintiff's claims[1] against Whinnery.   In her Response, Plaintiff argues that it is not sufficient for Whinnery to simply claim she cannot prove her case. This is erroneous as a matter of law.  She also suggests that additional discovery would permit her to explore whether Whinnery had unexplained sources of income during the relevant

---

[1] Nor has Plaintiff provided any legal support for the claim that permitting the DQAC to use his property is somehow actionable.

period. She also claims that she is aware of neighbors that "knew what was going on." This speculative, inadmissible evidence is not sufficient to warrant another extension of the pending Summary Judgment Motion, and it is not sufficient to defeat the Defendant's Motion.

The Plaintiff cannot meet her Summary Judgment burden of demonstrating that Whinnery actually engaged in any of the "terrorist activities" she alleges. Even if she had, the activities necessarily occurred more than three years before she filed this action. As a result, they are time barred. *See* 42 U.S.C §1983*; RK Venture, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (§1983 actions are subject to three year limitations period).

Defendant Whinnery's Motion for Summary Judgment [Dkt. #58] is therefore GRANTED, and Plaintiff's claims against defendant Whinnery are DISMISSED WITH PREJUDICE. Any other pending Motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 6th day of April, 2011.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
For Ronald B. Leighton
United States District Judge